IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

VALETTA MAE LUICH,             )
                               )
        Plaintiff,             )
                               )
    vs.                        )   Civil Action No. 12-1514
                               )
MICHAEL J. ASTRUE,             )
COMMISSIONER OF SOCIAL SECURITY,)
                               )
        Defendant.             )


O R D E R

AND NOW, this 18th day of March, 2014, upon consideration of the parties' cross-motions for summary judgment, and the responses thereto, the Court, upon review of the Commissioner of Social Security's final decision, denying plaintiff's claim for supplemental security income benefits under Subchapter XVI of the Social Security Act, 42 U.S.C. §1381, et seq., finds that the Commissioner's findings are supported by substantial evidence and, accordingly, affirms. See 42 U.S.C. §405(g); Jesurum v. Secretary of U.S. Department of Health & Human Services, 48 F.3d 114, 117 (3d Cir. 1995); Williams v. Sullivan, 970 F.2d 1178, 1182 (3d Cir. 1992), cert. denied sub nom., 507 U.S. 924 (1993); Brown v. Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988). See also Berry v. Sullivan, 738 F. Supp. 942, 944 (W.D. Pa. 1990) (if supported by substantial evidence, the

1

Commissioner's decision must be affirmed, as a federal court may neither reweigh the evidence, nor reverse, merely because it would have decided the claim differently) (citing Cotter v. Harris, 642 F.2d 700, 705 (3d Cir. 1981)).[1]

---

[1] First, it is well-established that [t]he ALJ — not treating or examining physicians or State agency consultants — must make the ultimate disability and RFC determinations." Chandler v. Comm'r of Social Sec., 667 F.3d 356, 361 (3d Cir. 2011). "The law is clear ... that the opinion of a treating physician does not bind the ALJ on the issue of functional capacity," Brown v. Astrue, 649 F.3d 193, 197 n. 2 (3d Cir. 2011), and a treating physician opinion is only entitled to controlling weight if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and it is not inconsistent with the other substantial evidence in the record." Fargnoli v. Massanari, 247 F.3d 34, 43 (3d Cir. 2001). "If, however, the treating physician's opinion conflicts with other medical evidence, then the ALJ is free to give that opinion less than controlling weight or even reject it, so long as the ALJ clearly explains her reasons and makes a clear record." Salles v. Comm'r of Soc. Sec., 229 Fed.Appx. 140, 148 (3d Cir. 2007).
    Second, a treating physician opinion on the ultimate issue of disability is not entitled to any "special significance" and an ALJ is not required to accept it since the determination of whether an individual is disabled "is an ultimate issue reserved to the Commissioner." Smith v. Comm'r of Soc. Sec., 178 Fed. Appx. 106, 112 (3d Cir. 2006).
    After careful review of the record, the Court finds that substantial evidence supports the Administrative Law Judge ("ALJ")'s conclusion that Plaintiff was not disabled and that she retained the functional capacity to perform work consistent with his Residual Functional Capacity ("RFC") determination. Contrary to Plaintiff's meritless contentions, the Court finds that the ALJ properly evaluated the medical opinion evidence in the record and provided several legitimate reasons for why he chose to assign little weight to the opinions of Dr. Simmons and Dr. Newman. The ALJ thoroughly discussed all the relevant medical evidence in the record and discharged his duty to address the countervailing evidence which appeared to conflict with his RFC assessment. See Salles, 178 Fed.Appx. at 112. The

Therefore, IT IS HEREBY ORDERED that plaintiff's Motion for Summary Judgment (document No. 15) is DENIED and defendant's Motion for Summary Judgment (document No. 13) is GRANTED.

s/Alan N. Bloch
United States District Judge

ecf: Counsel of record

---

Court further finds that the ALJ properly included in his RFC assessment and ensuing hypothetical to the vocational expert ("VE"), only the limitations that he found were credibly established by the record. See Rutherford v. Barnhart, 399 F.3d 546, 554 (3d Cir. 2005) ("[T]he ALJ must accurately convey to the vocational expert all of a claimant's *credibly established limitations.*") (emphasis in original).
 Plaintiff essentially asks this Court to reweigh the evidence and come to a different conclusion, which clearly is improper under the deferential standard of review. Because substantial evidence supports the ALJ's evaluation of the medical evidence and ultimate determination of non-disability, the Court affirms.